# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ABRAHAN OLIVAS-SEPULBEDA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:17-CV-28 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Abrahan Olivas-Sepulbeda to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. After careful review, I find that the motion is barred by the statute of limitations.

Movant pled guilty to conspiracy to distribute methamphetamine and re-entry of deported aliens. On October 20, 2010, I sentenced him to 120 months' imprisonment. He did not file an appeal.

Movant filed the instant motion on February 3, 2017. He argues that his plea was unknowing and involuntary because counsel promised him he would receive a lower sentence. He says he did not file the motion within the one-year limitations period because he did not have anyone to help him with it and because he is not a native English speaker.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on October 20, 2010. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on November 3, 2011.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible

procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. In general, pro se status is not an extraordinary circumstance that calls for equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

In his response to my show cause order, movant further argues that he should be given equitable tolling because he could not understand what was happening during the sentencing hearing. He says his counsel was ineffective during the sentencing hearing for failing to secure the presence of a translator and for failing to ask for a downward departure. These claims, however, are both irrelevant and refuted by the record. The hearing was translated into Spanish, and movant swore that he understood the translation. Defense counsel asked for a downward departure, and I sentenced movant to the maximum minimum. Finally, whether movant understood the sentencing proceedings does not show why he could not have filed his § 2255 motion within the one-year limitation period.

Movant has failed to show either that he diligently pursued his rights for the past six years or that an extraordinary circumstance stood in his way of timely filling this action. His claims regarding the sentencing hearing are false. And his

3

language barrier is not an extraordinary circumstance. As a result, he is not entitled to equitable tolling, and the motion to vacate is denied.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the motion is untimely. Thus, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed separately.

Dated this 6th day of March, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE